﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 190715-60919
DATE: June 16, 2020

ORDER

Service connection for right wrist carpal tunnel syndrome (CTS) is granted.

FINDING OF FACT

The competent and probative evidence is at least in equipoise as to whether the Veteran’s right wrist CTS, originally claimed as right wrist ulcer, had its onset in or is otherwise related to his period of active service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for right wrist CTS are met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309(a).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from October 1998 to July 2016.

This case is before the Board of Veterans’ Appeals (Board) on appeal from a May 2019 rating decision from a Department of Veterans Affairs (VA) Regional Office (RO). In October 2016, the RO denied service connection for a right wrist ulcer. In November 2016, the Veteran filed a timely notice of disagreement. In May 2018, the Veteran opted into the Rapid Appeals Modernization Program (RAMP). He elected the Higher Level Review option. In an October 2018 higher level review decision, the RO again denied service connection for a right wrist ulcer. In January 2019, the Veteran filed a Supplemental Claim, and in May 2019, the RO again denied service connection for a right wrist ulcer. The Veteran filed a timely 10182, selected the evidence lane of the modernized review system. 38 C.F.R. § 19.2(d). He contended that the right wrist disability is now carpal tunnel syndrome.

A review of the record demonstrates that the criteria for service connection for right CTS are met.

Service connection will be granted for a current disability that resulted from an injury, disease, or aggravation, while in active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Generally, service connection requires (1) a present disability, (2) in-service incurrence or aggravation of a disease or injury, and (3) a nexus between the present disability and the in-service incurrence or aggravation of a disease or injury. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

The Veteran is competent to report symptoms and experiences he can observe. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); 38 C.F.R. § 3.159(a). VA must give due consideration to all pertinent medical and lay evidence in evaluating a claim for disability benefits. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed Cir. 2009).

Certain chronic diseases, including organic diseases of the nervous system, are presumed related to service if an examiner made an in-service diagnosis of the chronic disease, the diseases manifested to a compensable degree within a presumptive period following separation from service, or an examiner noted the symptoms in service records with continuity of symptomatology since service attributable to the chronic disease. See 38 U.S.C. §§ 1101, 1112; Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013); 38 C.F.R. §§ 3.307, 3.309.

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 57-58 (1990); 38 C.F.R. § 3.102.

A March 2020 treatment note provides a diagnosis of right wrist CTS. 03/12/2020, VA Form 10182. Competent evidence of a current disability is accordingly found.

The Veteran contends that his right wrist disability is due to a June 1995 spider bite, which resulted in ongoing numbness and nerve issues in the fingers of his right hand during physical activity. 02/15/2017, Correspondence.

Service treatment records, along with lay statements from the Veteran’s friends, family, and colleagues, support the Veteran’s contention that he has suffered from symptoms of numbness and nerve issues in his right wrist and hand throughout his service and since.

The July 2016 VA examiner determined the Veteran’s claimed right wrist ulcer had resolved; however, the examiner did not examine the Veteran for the symptoms he attributed to his claimed right wrist ulcer of numbness and nerve issues.

The symptoms of numbness and nerve issues are attributed to CTS, as diagnosed by the March 2020 examiner. CTS is a chronic disease under 38 C.F.R. § 3.309(a), an award of service connection may be established solely based on continuity of symptomatology. Walker v. Shinseki, 708 F.3d at 1338-39 (stating that the primary difference between a chronic disease that qualifies for § 3.303(b) analysis, and one that must be tested under § 3.303(a), is that the latter must satisfy the “nexus” requirement of the three-element test, whereas the former benefits from presumptive service connection (absent intercurrent causes) or service connection via continuity of symptomatology).

The competent and probative evidence is at least in equipoise as to whether right CTS symptoms were noted in service with post-service continuity of the same 

 

symptomatology. See id. Any doubt on the material issue of nexus is resolved in the Veteran’s favor, and the claim is granted. 

 

JAMES L. MARCH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Costa, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.